UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSE DELACRUZ,

              Plaintiff,

            -against-

KAZIMIERZ GIERMAK and NATASYA P. SANTAELLA,

              Defendants and Cross-Claimants.

-------------------------------------------------------------x

21-CV-3877 (ALC) (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

Plaintiff and Defendant Kazimierz Giermak[1] have moved to transfer this action—which concerns a car accident in New Jersey—to the District of New Jersey.[2] Plaintiff appears to have settled his claim against Defendant Natasya P. Santaella, though Plaintiff's claim against Defendant Giermak and Defendants' cross-claims remain. For the reasons stated below, the motions are **GRANTED** and the case is transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

I. Background

Plaintiff Jose Delacruz brought suit in this Court on April 30, 2021, alleging diversity jurisdiction, seeking damages against Defendants for negligence and gross negligence arising

---

[1] Defendant Giermak's Answer states that he was incorrectly sued as "Giermak Kazimierz," with his first and last names reversed. (ECF 13). The Clerk of Court is directed to amend the case caption to include "Kazimierz Giermak" in the place of "Giermak Kazimierz."
[2] "A motion for transfer of venue is a non-dispositive motion, unless it addresses the fundamental question of whether a case should remain in federal court, which is not at issue here." *Agapito v. Amir Ram Bagels, Inc.*, No. 18-CV-8079 (ALC) (SDA), 2020 WL 6380720, at *1 n.1 (S.D.N.Y. Oct. 31, 2020).

out of a car accident in Passaic, New Jersey. (ECF 1).[3] In the operative Amended Complaint filed as ECF 7, Plaintiff states that venue is proper in this District because Plaintiff resides in the Bronx and traveled to New Jersey with the intent to return to his home in the Bronx on the same date. ECF 7 ¶ 2. On July 12, 2021, Defendant Giermak submitted a letter suggesting that the Court lacks personal jurisdiction over Defendants and that the proper venue for the matter under 28 U.S.C. § 1391(b) is the District of New Jersey, where both Defendants reside and the car accident occurred; Defendant Giermak accordingly requested that this case be transferred to the District of New Jersey. (ECF 18, 22). Plaintiff initially filed an opposition, but subsequently filed a letter also requesting that the case be transferred to the District of New Jersey. (ECF 21, 23). Despite being directed to respond by Judge Carter on July 13, 2021 (ECF 20), Defendant Santaella never responded to the filings regarding transfer, though Defendant Giermak reported that Defendant Santaella consents to the transfer. (ECF 22). Accordingly, the Court considers the motion(s) to transfer to be unopposed.

II. Discussion

A district court has discretion to transfer venue—on motion or consent of the parties or *sua sponte*—"[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a); *Blum v. Salomon*, No.

---

[3] Defendants have brought cross-claims against each other for indemnification and contribution. (ECF 13, 16). As indicated above, Plaintiff suggests that he has settled his claims against Defendant Santaella. (ECF 23). While a stipulation of discontinuance signed by Defendant Santaella and Plaintiff has been filed, that stipulation was flagged as deficient by the Clerk of Court because, *inter alia*, it was not signed by all parties or specify which claims or parties are being voluntarily dismissed. Moreover, even if the Court approved a voluntary dismissal of Plaintiff's claims against Defendant Santaella, Defendant Santaella would remain a party in this case with respect to the cross-claims. *Lipford v. New York Life Ins. Co.*, No. 02-CV-92 (LTS) (HBP), 2003 WL 21313193, at *4 (S.D.N.Y. June 9, 2003) (collecting cases).

06-CV-3149 (WHP), 2006 WL 3851157, at *3 (S.D.N.Y. Dec. 28, 2006); *Goodall v. New York State Dep't of Corr. & Cmty. Supervision*, No. 19-CV-532 (KAM) (SJB), 2019 WL 4805029, at *2 (E.D.N.Y. Oct. 1, 2019). In determining whether a transfer is appropriate under § 1404(a), "courts examine: (1) whether the action could have been brought in the proposed transferee forum," and, if so, "(2) whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Flowserve Corp. v. BMCE*, Inc., No. 05-CV-8075 (WHP), 2006 WL 2927176, at *2 (S.D.N.Y. Oct. 12, 2006) (internal citations omitted). Courts consider several factors at step two, such as: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witness, [and] (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (internal citations omitted).

As a preliminary matter, it is clear that this action could have been originally brought in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) because Plaintiff alleges, and a police report confirms,[4] that Defendants both reside in New Jersey. (ECF 7 ¶¶ 4-5, 18). Moreover, the automobile accident occurred in New Jersey. *See, e.g.*, *Luctama v. Knickerbocker*, No. 19-CV-8717 (VSB), 2020 WL 1503563, at *4–5 (S.D.N.Y. Mar. 30, 2020) (finding that district where car accident occurred was proper venue under § 1391(b)(2)); *Farion v. Ezzo*, No. 19-CV-8894 (AT), 2019 WL 4933465, at *1 (S.D.N.Y. Oct. 7, 2019) (same); *see also Slobig v. Gannuscia*, No. 16-CV-

---

[4] *See Corbishley v. Napolitano*, No. 20-CV-7445 (VSB), 2020 WL 6157103, at *2 (S.D.N.Y. Oct. 21, 2020) ("In determining whether venue is proper, I may rely on matters outside the Complaint.").

3783, 2018 WL 1305459, at *3 (S.D.N.Y. Mar. 9, 2018) (explaining that proper venue is determined by defendants' actions, not the actions or harms of plaintiff).

Transfer "promote[s] the convenience of parties and witnesses and would be in the interests of justice." *Flowserve Corp.*, 2006 WL 2927176, at *2. The locus of operative facts, which is "a primary factor in determining a section 1404(a) motion to transfer," *Billing v. Com. One, Inc.*, 186 F. Supp. 2d 375, 377 (S.D.N.Y. 2002) (internal citations omitted), is New Jersey, where the accident giving rise to Plaintiff's claims occurred. *Transatlantic Reinsurance Co. v. Cont'l Ins. Co.*, No. 03-CV-3227 (CBM), 2003 WL 22743829, at *5 (S.D.N.Y. Nov. 20, 2003) ("In determining the locus of operative facts, a court must look to the site of events from which the claim arises.") (internal citations omitted). Moreover, Plaintiff's original choice of forum is given little weight because Plaintiff now consents to transfer and, as explained above, "the facts giving rise to the litigation bear little material connection to the [initially] chosen forum." *Goodall*, 2019 WL 4805029, at *2 (internal citation omitted). Moreover, a significant share of non-party witnesses and evidence necessary to litigate this case are presumably located in New Jersey, and no party has argued that litigating in New Jersey would pose an inconvenience.[5]

---

[5] Though Defendant Giermak's motion to transfer raises the issue of personal jurisdiction (ECF 18, 22), the Court need not address that issue. *See, e.g.*, *ZPC 2000, Inc. v. SCA Grp., Inc.*, 86 F. Supp.2d 274, 276 (S.D.N.Y. 2000) ("[W]e need not decide defendants' personal jurisdiction motion because, even assuming arguendo that we were to find that this Court has no personal jurisdiction over the defendants, we could still order the case to be transferred to a more convenient forum in the interests of justice under either § 1404 or § 1406."); *Ventricelli v. Nicklin*, No. 19-CV-230 (GTS) (DJS), 2020 WL 132334, at *1 n.1 (N.D.N.Y. Jan. 13, 2020) ("Courts have the power to transfer a case, even if the transferring court does not have personal jurisdiction over the parties and whether or not venue is proper in the district, provided that the transfer is in the interest of justice.") (internal citations omitted).

### III. Conclusion

For the foregoing reasons, Plaintiff's and Defendant Giermak's motions to transfer are **GRANTED**. The Clerk of Court is hereby directed to close ECF 23 and transfer this action to the United States District Court for the District of New Jersey.

**SO ORDERED.**

Dated: November 12, 2021
      New York, New York

                                              *s/ Ona T. Wang*
                                              **Ona T. Wang**
                                              United States Magistrate Judge